IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

IN RE:

**DONALD PAUL SMITH,**

Debtor.

Bankruptcy Case No. 05-22051
Chapter 7

**THOMAS FLUHARTY,
TRUSTEE,**

Plaintiff,

v.

Adversary Proceeding No. 2:09-ap-02057

**JUDITH SMITH and
JACLYN SMITH TILLMAN,**

Defendants.

**TRUSTEE'S MOTION TO HAVE REQUESTS FOR ADMISSION DEEMED
ADMITTED AND PROTECTIVE MOTION TO COMPEL DEFENDANT TO RESPOND
TO TRUSTEE'S INTERROGATORIES AND REQUESTS FOR DOCUMENTS**

Now comes Plaintiff Thomas Fluharty, solely in his capacity as the Chapter 7 Trustee of the Estate of Donald Paul Smith (the Trustee), by counsel, and, pursuant to Fed. R. Bankr. P. 7036 and 7037, Fed. R. Civ. P. 36 and 37, LR Bankr P 9029-1 & App'x I, and Local Rule of Civil Procedure for the Southern District of West Virginia 37.1, moves the Court for the entry of an order: (1) finding that Defendant Jaclyn Tillman has admitted the Trustee's Requests for Admission by failing to respond to those requests within 30 days of their service; and (2) compelling Ms. Tillman to respond to the Trustee's Interrogatories and Requests for Documents served on July 21, 2011.

{C2141449.1}

# I. BACKGROUND

The Trustee served his First Combined Discovery Requests on July 21, 2011. <u>Exhibit A</u>. Responses to those requests were due on August 23, 2011. Under the Local Rules of Civil Procedure for the Southern District of West Virginia, parties are required to bring motions to compel discovery within 30 days of when the discovery was due. S.D. W. Va. LR Civ P 37.1(c). Thus, the Trustee is required to file this motion to compel in order to preserve his rights under Rule 37.

# II. DISCUSSION

*A. Duty to Confer*

Prior to filing a motion to compel, the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure require that the parties confer and attempt to resolve the dispute. *See* Fed. R. Civ. P. 37(a)(1) ("motion [to compel] must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action"); S.D. W. Va. LR Civ P 37.1(b) ("Before filing any discovery motion, including any motion for sanctions or for a protective order, counsel for each party shall make a good faith effort to confer in person or by telephone to narrow the areas of disagreement to the greatest possible extent. It shall be the responsibility of counsel for the moving party to arrange for the meeting").

On September 14, 2011, counsel for the Trustee, William C. Ballard, sent a letter to Ms. Tillman informing her that her discovery responses had not been received and that the Trustee was required to file a motion to compel by September 22, 2011. <u>Exhibit B</u>. On September 20, 2011, counsel for the Trustee received an email stating that she will respond to the discovery requests. Thus, this motion is being filed on a protective basis.

*B. The Trustee's Requests for Admission Are Deemed Admitted*

By failing to respond to the Trustee's Requests for Admission within 30 days, each of those requests was deemed admitted. Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."). *See also Hoffman v. Monsanto Co.*, 2006 WL 925167 (Bankr. S.D. W. Va. Apr. 7, 2006) (Goodwin, J.) ("Pursuant to Rule 36, the admissions are deemed admitted if the party fails to respond to the request for admissions"). The Trustee, therefore, moves for the entry of an order finding that his Requests for Admission have been admitted by Ms. Tillman.

*C. Compelling Discovery*

In adversary proceedings, motions to compel answers to interrogatories are brought under Fed. R. Civ. P. 37(a)(3)(B)(iii) ("A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if . . . a party fails to answer an interrogatory submitted under Rule 33"). Motions to compel requests for documents are brought under Fed. R. Civ. P. 37(a)(3)(B)(iv) ("a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34"). Because Ms. Tillman has failed to answer the Trustee's Interrogatories and Requests for Documents, the Trustee moves that the Court enter an order requiring Ms. Tillman to respond to those discovery requests.

## IV. CERTIFICATION

The undersigned counsel certifies that he attempted in good faith to resolve the dispute with Ms. Tillman.

## V. CONCLUSION

WHEREFORE, for the reasons stated above, the Trustee moves for the entry of an order:

3

(1) Finding that Ms. Tillman has admitted each of the Trustee's Requests for Admission by failing to answer those requests within 30 days of their service; and

(2) Requiring Ms. Tillman to respond to the Trustee's Interrogatories and Requests for Documents contained in his First Combined Discovery Requests within 20 days.

Respectfully submitted this 22nd day of September, 2011.

**THOMAS FLUHARTY,**
*Trustee*
By Counsel

/s/ William C. Ballard
William F. Dobbs, Jr. (WV State Bar #1027)
William C. Ballard (WV State Bar #9557)
JACKSON KELLY PLLC
500 Lee Street East; Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Email: wdobbs@jacksonkelly.com;
    wcballard@jacksonkelly.com
Phone: (304) 340-1280
Facsimile: (304) 340-1080
*Counsel for Thomas Fluharty, Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

*IN RE*:

**DONALD PAUL SMITH,**

Debtor.

Bankruptcy Case No. 05-22051
Chapter 7

**THOMAS FLUHARTY, TRUSTEE,**

Plaintiff,

v.

**JUDITH SMITH and JACLYN SMITH TILLMAN,**

Adversary Proceeding No. 2:09-ap-02057

Defendants.

## CERTIFICATE OF SERVICE

I, William C. Ballard, do hereby certify that service of the foregoing **TRUSTEE'S MOTION TO HAVE REQUESTS FOR ADMISSION DEEMED ADMITTED AND PROTECTIVE MOTION TO COMPEL DEFENDANT TO RESPOND TO TRUSTEE'S INTERROGATORIES AND REQUESTS FOR DOCUMENTS** and proposed **ORDER** was made by United States mail this 22nd day of September, 2011 as follows:

**VIA UNITED STATES MAIL:**

Judith Smith, *Pro Se*
1701 Highway 64, West
Shelbyville, TN 37160

Jaclyn Smith Tillman, *Pro Se*
1701 Highway 64, West
Shelbyville, TN 37160

/s/ William C. Ballard
William C. Ballard

5

{C2141449.1}