IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

*IN RE*:

**DONALD PAUL SMITH,**

      Debtor.

Bankruptcy Case No. 05-22051
Chapter 7

**THOMAS FLUHARTY,
TRUSTEE,**

      Plaintiff,

v.

**JUDITH SMITH and
JACLYN SMITH TILLMAN,**

      Defendants.

Adversary Proceeding No. 2:09-ap-02057

**PLAINTIFF THOMAS FLUHARTY, SOLELY IN HIS CAPACITY AS THE CHAPTER 7
TRUSTEE OF THE ESTATE OF DONALD PAUL SMITH, FIRST COMBINED
<u>DISCOVERY REQUESTS TO DEFENDANT JACLYN SMITH TILLMAN</u>**

Pursuant to the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure, Plaintiff Thomas Fluharty, solely in his capacity as the Chapter 7 Trustee of the Estate of Donald Paul Smith (herein the "Plaintiff" or the "Trustee"), by counsel, requests that Defendant Jaclyn Smith Tillman (herein the "Defendant") respond within 30 days to the following combined discovery requests.

## <u>DEFINITIONS & INSTRUCTIONS</u>

1. "Relating to" or "relates to" means in whole or in part constituting, containing, concerning, embodying, reflecting, describing, analyzing, identifying, stating, dealing with, or in any way pertaining to.

2. "Document" shall be interpreted in a manner consistent with Rules 26 and 34 of the Federal Rules of Civil Procedure, and shall include without

{C2063345.1}



limitation all materials (including originals, drafts, or non-identical copies, including copies with handwritten or other notations), containing representations of information by means of some mark, symbol or electronic recording, including but not limited to letters, email, telegrams, memoranda, reports, studies, statements of account, checks, computer printouts, calendar or diary entries, minutes, pamphlets, notes, worksheets, charts, tabulations, records of meetings, conferences, and telephone or other conversations or communications or any other written or otherwise recorded materials.

6. "Person" or "persons" each includes the plural as well as the singular, and includes any individual, firm, company, corporation, association, partnership, or other form of public or private entity.

7. The following Requests for Admission and Interrogatories shall be deemed continuing in nature and, if the Defendant obtains or becomes aware of responsive information subsequent to the date on which the Defendant serves its initial answers, the Defendant must serve supplemental answers hereto within a reasonable time. Preferably, all supplemental information will be provided prior to the cut-off date for discovery.

8. In order to simplify the issues and resolve as many matters of fact as possible before, trial, the Defendant is instructed to answer to the fullest extent possible all of the Requests for Admission and Interrogatories and, if a full and complete response is impossible, indicate the portions thereof which cannot be answered fully, taking care to state with specificity the reasons why a more complete answer is not possible.

9. When facts set forth in the answer to Requests for Admission and Interrogatories are based upon information and belief, rather than upon the Defendant's own knowledge, the Defendant must so state and specifically identify the source of such information and belief by providing identification (as described in Para. 11 below) of those individuals.

10. If the Defendant is unable to answer any Request for Admission or Interrogatory, or any part thereof, based upon lack of actual knowledge or information and belief, the Defendant must state in detail its efforts to obtain such knowledge or information, including identification (as described in Para. 11 below) of appropriate individuals or other entities to which inquiries could be properly directed.

11. Where requested to provide "identification" for or to "name" or "identify" an individual, business, or other entity, please provide the full name, current address and phone number, for that individual, business, or entity.

12. When production of a document is indicated, or where the Defendant prefers to produce a writing in lieu of answering, either attach a true copy of the document to your answer, or, if the material requested is too cumbersome to be produced in such a manner, the Defendant must state whether or not she is willing to produce such document for inspection and copying at a time and place mutually convenient to counsel for the parties.

13. Where knowledge or information in possession of the Defendant is requested, such request shall be deemed to include all knowledge, information and documents in the possession of the Defendant, and Defendant's attorney(s) (unless privileged), investigators and agents.

14. For the purpose of these Interrogatories, a request to "identify" a writing or document shall be deemed a request to furnish a description of the document including its subject matter, the names of the parties who prepared and received it, its date, and any identifying number or code, and to furnish the name of the present custodian of the document and the date that the present custodian of the document obtained possession thereof. In lieu of identifying a document in the detail requested, a copy of the document may be attached to answer to these requests, provided that any identifying information not appearing on the face of the document is specifically stated in the answers.

16. For any document that you claim is privileged or immune from discovery, provide a statement signed by the Defendant's attorney(s) setting forth as to each such document:

   (a) Names of the sender(s) of the document;
   (b) The name of the author(s) of the document;
   (c) The name of the person(s) to whom copies were sent or otherwise made available;
   (d) The job title of every person named in 1, 2, and 3 above;
   (e) The date of the document;
   (f) The date of which the document was received by each addressee or other recipient;
   (g) A brief description of the nature and subject matter of the document;
   (h) The statute, rule or decision which is claimed to give rise to the privilege; and
   (i) The detailed factual basis for the claim of the privilege.

17. The pronouns "you" and "your" refer to the Defendant and its attorney(s), investigator, and agent(s).

18. The terms "concerning," "related to," "pertaining to," and similar expressions as used herein include, without limitations: constituting, referring to, alluding to, responding to, relating to, connected with, commenting upon, in respect to, about, regarding, discussing, showing, describing, reflecting or analyzing.

19. When asked to "specify" a fact, the Defendant is to (i) provide all details relating to such fact, including the date, time, and a description of all material aspects of the event or state of affairs, and (ii) "identify" all individuals or "persons" having information pertinent to such fact.

20. "Blackhawk Farm I" as used herein, constitutes three tracts of land in Bedford County, Tennessee. The first tract being that certain 37.25 acres granted to Donald Paul Smith and Defendant Judith Smith by deed dated January 28, 1998, as recorded in the aforesaid County Clerk's Office in Deed Book 223, page 603. The second tract being that certain 6.07 acres granted to Donald Paul Smith and Defendant Judith Smith by deed dated February 12, 1999, as recorded in the aforesaid County Clerk's Office in Deed Book 245, page 74. The third tract being that certain 84.44 acres granted to Donald Paul Smith and Defendant Judith Smith by deed dated October 11, 2001, as recorded in the aforesaid County Clerk's Office in Deed Book 245, page 451.

21. "Blackhawk Farm II" as used herein, constitutes that certain tract of land containing 45.17 acres in Bedford County, Tennessee and is the same property granted to Defendant Jaclyn Smith Tillman by Dwayne Sullivan via deed dated June 7, 2005, and recorded in the aforesaid County Clerk's office in Deed Book 270, page 108.

## FIRST REQUESTS FOR ADMISSIONS

Pursuant to Fed. R. Bank. P. 7036 and Fed. R. Civ. P. 36, Plaintiff requests that Defendant respond within 30 days to the following requests for admissions:

**REQUEST NO. 1:** Admit that you have no record of any funds being paid or other consideration being provided to Donald Paul Smith by you or Judith Smith for Blackhawk Farm I.

**RESPONSE NO. 1:**

**REQUEST NO. 2:** Admit that you have no knowledge that any consideration was provided to Donald Paul Smith by you or Judith Smith for Blackhawk Farm I.

**RESPONSE NO. 2:**

**REQUEST NO. 3:** Admit that you have no knowledge that reasonably equivalent value was provided to Donald Paul Smith by or on behalf of you or Judith Smith for Blackhawk Farm I.

**RESPONSE NO. 3:**


**REQUEST NO. 4:** Admit that Donald Paul Smith's transfer of Blackhawk Farm I was made to you and Judith Smith with actual intent to defraud the creditors of Donald Paul Smith.

**RESPONSE NO. 4:**


**REQUEST NO. 5:** Admit that Donald Paul Smith's transfer of Blackhawk Farm I was made to you and Judith Smith for less than reasonably equivalent value and resulted in Donald Paul Smith having insufficient remaining assets to pay his debts as they became due.

**RESPONSE NO. 5:**


**REQUEST NO. 6:** Admit that, at the time of the transfer of Blackhawk Farm I to you and Judith Smith, there existed an unsecured creditor of Donald Paul Smith that remained a creditor of his as of Donald Paul Smith's Bankruptcy Petition Date.

**RESPONSE NO. 6:**


**REQUEST NO. 7:** Admit that you are the initial transferee of Blackhawk Farm I from Donald Paul Smith as that phrase is defined in 11 U.S.C. § 550(a)(1).

**RESPONSE NO. 7:**


**REQUEST NO. 8:** Admit that you had knowledge of the voidability of the transfer of the Black Hawk Farm I from Donald Paul Smith to you and Judith Smith.

**RESPONSE NO. 8**

## FIRST INTERROGATORIES

Pursuant to Fed. R. Bank. P. 7033 and Fed. R. Civ. P. 33, Plaintiff requests that Defendant respond within 30 days to the following interrogatories:

**INTERROGATORY NO. 1:** Identify each person who participated in preparing your responses to these Interrogatories, identifying the particular Interrogatory(ies) with which the person assisted.

**RESPONSE NO. 1:**


**INTERROGATORY NO. 2:** Identify each person you intend to call as a witness at Trial by providing the name, present business or home address, present employer and state the substance of the witness's knowledge.

**RESPONSE NO. 2:**


**INTERROGATORY NO. 3:** Identify every expert consulted, retained, or employed by you, or anyone else acting on your behalf, in preparation for Trial who you expect to call as an expert witness at Trial. For each such identified witness, state:

   a. The subject matter on which the expert is expected to testify;
   b. The substance of the facts and opinions to which the expert is expected to testify; and
   c. A summary of the grounds for each opinion to which the expert is expected to testify.

**RESPONSE NO. 3:**


**INTERROGATORY NO. 4:** Identify each and every document or other tangible item you may seek to introduce into evidence at the trial of this action.

**RESPONSE NO. 4:**

**INTERROGATORY NO. 5:** If you contend that any party to this action, at any time, has made an admission against interest, please provide:

   (a) The name and address of the person making each said admissions; and
   (b) A detailed description of the nature of each set of admission, including the date made.

**RESPONSE NO. 5:**

**INTERROGATORY NO. 6:** Have you obtained any statements from anyone who has knowledge of the facts surrounding this cause of action? If so:

(a) Identify the person that obtained the statement;
(b) Identify the person who gave the statement;
(c) Provide the date the statement was given; and
(d) State whether the statement is in writing, and if so, who has custody of it.

**RESPONSE NO. 6:**


**INTERROGATORY NO. 7:** Identify all person(s) with knowledge of the transaction represented by that certain Deed granted by Donald Paul Smith to you and Judith Smith on September 17, 2003, for a 33.25 acre portion of Blackhawk Farm I, as described and recorded in the Bedford County, Tennessee Clerk's Office in Deed Book 263, page 115.

**RESPONSE NO. 7:**


**INTERROGATORY NO. 8:** Identify all person(s) with knowledge of the transaction represented by that certain Deed granted by Donald Paul Smith to you and Judith Smith on September 17, 2003, for a 6.07 acre portion of Blackhawk Farm I, as described and recorded in the Bedford County, Tennessee Clerk's Office in Deed Book 263, page 106.

**RESPONSE NO. 8:**


**INTERROGATORY NO. 9:** Identify all person(s) with knowledge of the transaction represented by that certain Deed granted by Donald Paul Smith to you and Judith Smith on September 17, 2003, for a 84.44 acre portion of Blackhawk Farm I, as described and recorded in the Bedford County, Tennessee Clerk's Office in Deed Book 263, page 109.

**RESPONSE NO. 9:**


**INTERROGATORY NO. 10:** Identify all person(s) with knowledge of any other personal property, including but not limited to, certain farm implements and livestock Donald Paul Smith transferred to you and Judith Smith.

**RESPONSE NO. 10:**

**INTERROGATORY NO. 11:** Identify all person(s) with knowledge of you and Judith Smith's sale of a portion of Blackhawk Farm I to the McLaughlin Family Limited Partnership by warranty deed dated October 5, 2004, as recorded in the Bedford County, Tennessee Clerk's Office in Deed Book 265, page 71 and Deed Book 265, page 171.

**RESPONSE NO. 11:**

**INTERROGATORY NO. 12:** Identify all person(s) with knowledge of you and Judith Smith's sale of the remainder of Blackhawk Farm I to William R. Hyneman by deed dated May 27, 2005, as recorded in the Bedford County, Tennessee County Office in Deed Book 269, page 903.

**RESPONSE NO. 12:**

**INTERROGATORY NO. 13:** Identify all person(s) with knowledge of your purchase of that certain 45.17 acres known as Blackhawk Farm II, granted to you by Dwayne Sullivan via deed dated June 7, 2005, and recorded in the Bedford County, Tennessee County Clerk's Office in Deed Book 270, page 108.

**RESPONSE NO. 13:**

**INTERROGATORY NO. 14:** If you contend that you paid any funds or provided any consideration to Donald Paul Smith for Blackhawk Farm I, identify: all facts supporting or tending to negate such contention; all Documents supporting or tending to negate said contention; each person who has knowledge of the facts supporting or tending to negate such contention; and all expert witnesses whose testimony your will offer at Trial to support such contention.

**RESPONSE NO. 14:**

**INTERROGATORY NO. 15:** Identify all person(s) with knowledge of Donald Paul Smith's financial solvency or Donald Paul Smith's ability to pay his debts as they became due both before and after Donald Paul Smith conveyed Blackhawk Farm I to you and Judith Smith on September 17, 2003.

**RESPONSE NO. 15:**

**INTERROGATORY NO. 16:** Identify all facts supporting or tending to negate the contention that the transfer of Blackhawk Farm I resulted in Donald Paul Smith having insufficient remaining assets to pay his debts as they became due and/or rendered

Donald Paul Smith insolvent before or as a result of such conveyance to you and Judith Smith.

**RESPONSE NO. 16:**


## FIRST REQUESTS FOR DOCUMENTS

Pursuant to Fed. R. Bank. P. 7034 and Fed. R. Civ. P. 34, Plaintiff requests that Defendant respond within 30 days to the following requests to produce and permit Plaintiff to inspect and copy the following documents, **including electronically stored information:**

**REQUEST NO. 1:** All Documents relating to Donald Paul Smith's transfer of Blackhawk Farm I to you and Judith Smith.

**RESPONSE NO. 1:**


**REQUEST NO. 2:** All correspondence including without limitation emails sent or received by you relating to the transfer of Blackhawk Farm I from Donald Paul Smith to you and Judith Smith

**RESPONSE NO. 2:**


**REQUEST NO. 3:** All notes, internal memoranda, emails and any other Documents relating to the transfer of Blackhawk Farm I from Donald Paul Smith to you and Judith Smith.

**RESPONSE NO. 3:**


**REQUEST NO. 4:** All Documents relating to you and Judith Smith's subsequent sale of a portion of Blackhawk Farm I to the McLaughlin Family Limited Partnership on October 5, 2004, particularly (but not limited to) Documents describing the value received for such sale.

**RESPONSE NO. 4:**

**REQUEST NO. 5:** All correspondence, notes, internal memoranda, emails and any other Documents relating to you and Judith Smith's subsequent sale of a portion of Blackhawk Farm I to the McLaughlin Family Limited Partnership on or around October 5, 2004, particularly (but not limited to) those notes, internal memoranda, emails and Documents describing the value received for such sale.

**RESPONSE NO. 5:**


**REQUEST NO. 6:** All Documents relating to you and Judith Smith's subsequent sale of a portion of Blackhawk Farm I to William R. Hyneman on May 27, 2005, particularly (but not limited to) those Documents describing the value received for such sale.

**RESPONSE NO. 6:**


**REQUEST NO. 7:** All correspondence, notes, internal memoranda, emails and any other Documents relating to you and Judith Smith's sale of a portion of Blackhawk Farm I to William R. Hyneman on May 27, 2005, particularly (but not limited to) those Documents describing the value received for such sale.

**RESPONSE NO. 7:**



**RESPONSE NO. 8:** All Documents relating to your purchase of Blackhawk Farm II from Dwayne Sullivan on June 7, 2005, particularly (but not limited to) the amount you paid.

**RESPONSE NO. 8:**

**REQUEST NO. 9:** All correspondence, notes, internal memoranda, emails and any other Documents relating your purchase of Blackhawk Farm II from Dwayne Sullivan on June 7, 2005, particularly (but not limited to) the amount you paid.

**RESPONSE NO 9:**


**REQUEST NO. 10:** All curriculum vitaes from any expert witnesses who you will have offer testimony at Trial.

**RESPONSE NO. 10:**

**REQUEST NO. 11:** All reports, including drafts of reports, prepared by any expert witness who you will have offer testimony at Trial.

**RESPONSE NO. 11:**


**REQUEST NO. 12:** All Documents provided by you or its counsel to any expert witness, or potential expert witness.

**RESPONSE NO. 12:**


**REQUEST NO. 13:** All Documents reviewed by or used by any expert witness, or potential expert witness, relating to the expert's opinions, conclusions, or reports in connection with the expert's testimony at Trial.

**RESPONSE NO. 13:**


**REQUEST NO. 14:** Any document identified by you in your responses to the Interrogatories set forth above.

**RESPONSE NO. 14:**


**REQUEST NO. 15:** Your tax returns from January 1, 2003 to date.

**RESPONSE NO. 15:**


**REQUEST NO. 16:** Your bank account records from 2003 to date.

**RESPONE NO. 16:**

Dated: July 21, 2011

**THOMAS FLUHARTY,**
*Trustee*

By Counsel

s/ William C. Ballard
William F. Dobbs, Jr. (WV State Bar #1027)
William C. Ballard (WV State Bar #9557)
JACKSON KELLY PLLC
500 Lee Street East; Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Email: wdobbs@jacksonkelly.com;
       wcballard@jacksonkelly.com
Phone: (304) 340-1280
Facsimile: (304) 340-1080
*Counsel for Thomas Fluharty, Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

*IN RE*:

**DONALD PAUL SMITH,**

Debtor.

Bankruptcy Case No. 05-22051
Chapter 7

**THOMAS FLUHARTY,
TRUSTEE,**

Plaintiff,

v.

Adversary Proceeding No. 2:09-ap-02057

**JUDITH SMITH and
JACLYN SMITH TILLMAN,**

## CERTIFICATE OF SERVICE

I, William C. Ballard, do hereby certify that service of the foregoing **PLAINTIFF THOMAS FLUHARTY, SOLELY IN HIS CAPACITY AS THE CHAPTER 7 TRUSTEE OF THE ESTATE OF DONALD PAUL SMITH, FIRST COMBINED DISCOVERY REQUESTS TO DEFENDANT JACLYN SMITH TILLMAN** was made by U.S. Mail this 21st day of July, 2011 as follows:

Jaclyn Smith Tillman, *Pro Se*
1701 Highway 64, West
Shelbyville, TN 37160

/s/William C. Ballard
William C. Ballard